985 F.2d 554
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Spencer S. PAYNE, Defendant-Appellant.
 No. 92-5216.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 30, 1992
Decided: January 29, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CR-92-8-A)
 Alan H. Yamamoto, Alexandria, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Andrew G. McBride, Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 DISMISSED.
 Before WILKINS and NIEMEYER, Circuit Judges, and CHAPMAN, SeniorJM
 PER CURIAM:
 
 OPINION
 
 1
 Spencer S. Payne seeks to appeal the sentence imposed by the district court following his plea of guilty to conspiracy to distribute and to possess with intent to distribute cocaine, 21 U.S.C. § 846 (1988), and money laundering, in violation of 18 U.S.C.s 1956(a)(1)(B)(i). We find that Payne waived his right to appeal, and therefore dismiss the appeal.
 
 
 2
 Payne's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), and moved to withdraw. Counsel raises the issues of whether a waiver of the right to appeal violates the Fifth Amendment, and whether the district court erred in increasing Payne's base offense level for the possession of a weapon.[1] Payne was notified of his right to file an additional brief, and has done so.[2]
 
 
 3
 The district court found that Payne's guilty plea and waiver of his right to appeal were informed, voluntary and with the effective assistance of counsel. Based on a total offense level of 36 and a criminal history category of III, the district court sentenced Payne to 240 months of incarceration[3] and five-years of supervised release, and ordered him to pay a special assessment of $100.
 
 
 4
 Payne entered into a plea agreement in which he waived his right to appeal the sentence imposed. Such waivers of appellate rights are valid and will be enforced when they are knowing and voluntary. United States v. Wessells, 936 F.2d 165 (4th Cir. 1991); United States v. Wiggins, 905 F.2d 51 (4th Cir. 1990). The plea colloquy shows that the district court discussed the waiver with Payne and that the waiver was knowing and voluntary. Accordingly, we grant the government's motion to dismiss and dismiss the appeal.
 
 
 5
 In accordance with the requirements of Anders, we have examined the entire record in this case and find no meritorious issues for appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C.A. § 3006A (West Supp. 1992)), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review.[4] If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.
 
 DISMISSED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual, § 2D1.1(b)(1) (Nov. 1991)
 
 
 [2]
 Payne filed his brief beyond the time allotted. Nonetheless, his brief has been considered, and his argument was found to lack merit
 
 
 [3]
 The corresponding guideline sentencing range is 235 to 293 months
 
 
 [4]
 In addition, we deny counsel's motion to withdraw